UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

FITZGERALD BROWN,

Plaintiff,

      -against-

CITY OF NEW YORK, RICHARD CHARLES, Individually,
JOSE SANDOVAL, Individually, FRANTZ SOUFFRANT,
Individually, DAVID ROSENBERG, Individually,
DAMON MARTIN, Individually, and JOHN and JANE DOE
1 through10, Individually (the names John and Jane Doe being
fictitious as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 4946
(CBA) (MDG)

<u>Jury Trial Demanded</u>

    Plaintiff FITZGERALD BROWN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

<u>**JURISDICTION**</u>

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff FITZGERALD BROWN is a forty-four year old African American man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, RICHARD CHARLES, JOSE SANDOVAL, FRANTZ SOUFFRANT, DAVID ROSENBERG, DAMON MARTIN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On June 6, 2012, at approximately 3:30 p.m., plaintiff FITZGERALD BROWN observed police officers arresting an individual in the vicinity of New Lots Avenue and Vermont Avenue in Brooklyn.

13.     Plaintiff lawfully, and without otherwise interfering with the arrest, video recorded the defendant officers' actions with his phone.

14.     Approximately an hour later, at 4:30 p.m., plaintiff was lawfully in front of his home located at 441 New Lots Avenue when defendant JOSE SANDOVAL, along with a second officer, both of whom had, upon information and belief, participated in the arrest plaintiff had recorded earlier, pulled up to plaintiff's home.

15.     One of the officers jumped out of the police vehicle, grabbed plaintiff, pushed his against a vehicle, and placed tight handcuffs on plaintiff's wrists.

16.     Plaintiff was searched, imprisoned in a police vehicle, and transported to the 75th Police Precinct.

17.     Based on defendant RICHARD CHARLES' manufactured and false allegations, which were sworn to by defendant JOSE SANDOVAL, plaintiff was thereafter imprisoned until approximately June 7, 2012, when plaintiff was arraigned in Kings County Criminal Court on

3

baseless charges filed under docket number 2012KN046652, said charges having been filed based on the false allegations of defendants. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit, without limitation: to retaliate against plaintiff for his lawful exercise of his right to free speech by recording the defendant officers' actions.

18. The malicious prosecution compelled plaintiff to return to court until October 3, 2012, when all the purported charges filed against plaintiff by the defendants were dismissed and sealed in Kings County Criminal Court.

19. Defendant DAMON MARTIN supervised defendants RICHARD CHARLES, JOSE SANDOVAL, FRANTZ SOUFFRANT, DAVID ROSENBERG, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

20. Defendants RICHARD CHARLES, JOSE SANDOVAL, FRANTZ SOUFFRANT, DAVID ROSENBERG, DAMON MARTIN, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

21. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

22. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD

officers, including the defendants are insufficiently trained regarding the ramifications of falsification, and the requirements for arrests, disproportionately stop, detain, and arrest individuals due to discrimination against them based on their race and/or nationality, and in retaliation for individuals' exercise of free speech, including the lawful right to video record police incidents.

23.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

24.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25.     As a result of the foregoing, plaintiff FITZGERALD BROWN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

26.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees

5

were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff FITZGERALD BROWN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

6

34.     Defendants arrested plaintiff FITZGERALD BROWN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35.     Defendants caused plaintiff FITZGERALD BROWN to be falsely arrested and unlawfully imprisoned.

36.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants issued criminal process against plaintiff FITZGERALD BROWN by causing his arrest and prosecution Kings County Criminal Court.

39.     Defendants caused plaintiff FITZGERALD BROWN to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to retaliate against plaintiff for his exercise of his right to free speech, and thereby violated plaintiff's right to be free from malicious abuse of process.

40.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

7

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff FITZGERALD BROWN.

43.     Defendants caused plaintiff FITZGERALD BROWN to be prosecuted without any probable cause until the charges were dismissed on or about October 3, 2012.

44.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants created false evidence against plaintiff FITZGERALD BROWN.

47.     Defendants utilized this false evidence against plaintiff FITZGERALD BROWN in legal proceedings.

48.     As a result of defendants' creation and use of false evidence, FITZGERALD BROWN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the United States Constitution.

49.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The acts of the defendant officers were in retaliation for plaintiff FITZGERALD

BROWN'S exercise of his First Amendment freedom of speech and expression, and not in

response to any unlawful acts of the plaintiff.

52.     As a result of the aforementioned conduct of defendants, plaintiff FITZGERALD

BROWN was subjected to retaliation for the exercise of his First Amendment rights.

53.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants conduct herein was an abuse of executive power so clearly

unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

9

56.     As a result of the foregoing, plaintiff FITZGERALD BROWN was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

57.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The defendants falsely arrested, and maliciously prosecuted plaintiff FITZGERALD BROWN because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60.     As a result of the foregoing, plaintiff FITZGERALD BROWN was deprived of his rights under the Equal Protection Clause of the United States Constitution.

61.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants had an affirmative duty to intervene on behalf of plaintiff FITZGERALD BROWN, whose constitutional rights were being violated in their presence by other officers.

64.     The defendants failed to intervene to prevent the unlawful conduct described herein.

65.     As a result of the foregoing, plaintiff FITZGERALD BROWN'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

66.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause, committing perjury and/or manufacturing evidence and/or engaging in falsification, and disproportionately stopping and arresting individuals due to discrimination against them based on their race and/or nationality and in retaliation for their exercise of their right to free speech.

73.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff FITZGERALD BROWN'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

indifference to the safety, well-being and constitutional rights of plaintiff FITZGERALD
BROWN.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the
CITY OF NEW YORK and the New York City Police Department were the direct and proximate
cause of the constitutional violations suffered by plaintiff FITZGERALD BROWN as alleged
herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the
CITY OF NEW YORK and the New York City Police Department were the moving force
behind the Constitutional violations suffered by plaintiff FITZGERALD BROWN as alleged
herein.

77.     As a result of the foregoing customs, policies, usages, practices, procedures and
rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff
FITZGERALD BROWN was unlawfully arrested and maliciously prosecuted.

78.     Defendants, collectively and individually, while acting under color of state law,
were directly and actively involved in violating plaintiff FITZGERALD BROWN'S
constitutional rights.

79.     All of the foregoing acts by defendants deprived plaintiff FITZGERALD
BROWN of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

        D.     To be free from malicious prosecution;

E.      To be free from malicious abuse of process;

F.      To receive equal protection under law;

G.      To be free from deprivation of his right to fair trial; and

H.      To be free from deprivation of his right to free speech.

80.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

14

## AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants arrested plaintiff FITZGERALD BROWN without probable cause.

88.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

89.     As a result of the aforementioned conduct, plaintiff FITZGERALD BROWN was unlawfully imprisoned in violation of the laws of the State of New York.

90.     As a result of the aforementioned conduct, plaintiff FITZGERALD BROWN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

91.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     As a result of the foregoing, plaintiff FITZGERALD BROWN was placed in apprehension of imminent harmful and offensive bodily contact.

94.     As a result of defendant's conduct, plaintiff FITZGERALD BROWN has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants made offensive contact with plaintiff FITZGERALD BROWN without privilege or consent.

98.     As a result of defendants' conduct, plaintiff FITZGERALD BROWN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

100.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

16

101.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff FITZGERALD BROWN.

102.    Defendants caused plaintiff FITZGERALD BROWN to be prosecuted without probable cause until the charges were dismissed on or about February 26, 2013.

103.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

104.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Defendants issued criminal process against plaintiff FITZGERALD BROWN by causing him to be arrested, arraigned and prosecuted in criminal court.

106.    Defendants caused plaintiff FITZGERALD BROWN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to retaltiate against plaintiff for his exercise of his right to free speech.

107.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

110.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

111.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

112.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff FITZGERALD BROWN.

113.    As a result of the aforementioned conduct, plaintiff FITZGERALD BROWN suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

114.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

18

paragraph numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, and prosecution of plaintiff FITZGERALD BROWN.

117.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

118.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

119.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff FITZGERALD BROWN.

121.     As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

127.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

20

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    As a result of defendants' conduct, plaintiff FITZGERALD BROWN was deprived of his right to equal protection of laws.

130.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

131.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    As a result of defendants' conduct, plaintiff FITZGERALD BROWN was deprived of his right to security against unreasonable searches, seizures, and interceptions.

133.    As a result of the foregoing, plaintiff FITZGERALD BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff FITZGERALD BROWN demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined

by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 28, 2014

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff FITZGERALD BROWN
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

FITZGERALD BROWN,

                                       Plaintiff,

          -against-

CITY OF NEW YORK, RICHARD CHARLES, Individually,
JOSE SANDOVAL, Individually, FRANTZ SOUFFRANT,
Individually, DAVID ROSENBERG, Individually,
DAMON MARTIN, Individually, and JOHN AND JANE DOE
1 through10, Individually (the names John and Jane Doe being
fictitious as the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

13 CV 4946
(CBA) (MDG)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100